UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLEN MAKAREVICH, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>CBRE GROUP, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 25-CV-12042-AK |

**MEMORANDUM AND ORDER ON**
**CBRE, INC.'S MOTION TO DISMISS**

**KELLEY, D.J.**

Plaintiff Ellen Makarevich, a former employee at CBRE, Inc. ("CBRE"), brings this action against her former employer. Makarevich makes six claims under Massachusetts statutes based on her employment with CBRE: (1) Mass. Gen. Laws. c. 214, § 1B (right to privacy), (2) Mass. Gen. Laws. c. 272, § 99 (wiretapping), (3) Mass. Gen. Laws. c. 265, §§ 50-59 (human trafficking), (4) Mass. Gen. Laws. c. 209A, § 1 (abuse prevention), (5) Mass. Gen. Laws. c. 265, § 43 (stalking), and (6) Mass. Gen. Laws. c. 275, § 2 (proceeding to prevent a crime). According to Makarevich, she "faced ongoing harassment from the Defendant during employment, which hinder[ed] the Plaintiff's ability to seek alternative job opportunities. [ ] The Defendant, aware of the Plaintiff's efforts to address the issue, continued to engage in harassment and sensory intrusion, causing psychological and sensory harm (a psychologically or physically restrictive setting in Plaintiff's daily life) that ceased immediately when the Defendant ceased their fixation." [Dkt. 27 at 3]. It appears Makarevich believes CBRE made a telepathic connection, allowing the Defendant to overhear her conversations and observe her surroundings. [Id. at 4].

1

CBRE filed a Motion to Dismiss on August 18, 2025 [Dkt. 18], which Makarevich opposes. [Dkt. 20].  For the reasons that follow, CBRE's Motion to Dismiss is **GRANTED**.

I.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," the court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id.  Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id.  A "court may not disregard properly [pleaded] factual allegations even if . . . actual proof of those facts is improbable." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal quotation marks omitted).  Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

Complaints brought by pro se litigants, as is the case here, are subjected to lesser scrutiny than complaints drafted by attorneys. Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980). Courts may "intuit the correct cause of action, even if [the complaint] was imperfectly pled," provided the complaint contains sufficient facts to do so. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  However, while pro se litigants are afforded more latitude in this realm, this

latitude "cannot be taken to mean that pro se complaints are held to no standard at all." Solomon v. Khoury, No. 16-CV-10176, 2017 WL 598758, at *3 (D. Mass. Feb. 13, 2017) (quoting Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985)). In other words, "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed, 118 F.3d at 890.

## II. DISCUSSION

As an initial matter, CBRE contends that any potential claim related to Makarevich's employment is expressly waived and released by a completed Separation Agreement, which Makarevich knowingly and voluntarily accepted. Although Makarevich does not present any argument that the Separation Agreement is inapplicable, the Court will address the claimed waiver.

### A. Consideration of the Separation Agreement and Release

Although courts are generally limited to the face of the pleadings when considering a motion to dismiss, "[t]he court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006); see also Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 34 (1st Cir. 2001) ("[W]hen 'a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged),' then the court can review it upon a motion to dismiss." (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998))).

Makarevich references her separation from CBRE several times in her Complaint. The authenticity of the Separation Agreement, provided as an exhibit in CBRE's Opposition to Makarevich's Motion for Summary Judgment [Dkt. 16], is unchallenged. As the separation is explicitly referenced throughout the Complaint, the parties do not challenge the Separation

Agreement's authenticity, and the waiver of these claims is dependent upon the Separation Agreement, this Court may properly consider the Agreement in deciding CBRE's Motion to Dismiss.

### B. Validity of the Agreement and Release

"[A] written contract, clear in its terms and freely entered into, is binding on both parties according to its terms." Crocker v. Townsend Oil Co., Inc., 464 Mass. 1, 12 (2012) (internal quotation marks omitted). Such contracts may include liability releases, both specific and general, which are favored under Massachusetts law. A.J. Props., LLC v. Stanley Black & Decker, Inc., 989 F. Supp. 2d 156, 163 (D. Mass. 2013); Sharon v. City of Newton, 437 Mass. 99, 105 (2002). When such a release in an otherwise valid contract is "unambiguous and comprehensive," it should be enforced according to its terms, absent other considerations. Cormier v. Cent. Mass. Chapter of the Nat'l Safety Council, 416 Mass. 286, 288 (1993); see also Crocker, 464 Mass. at 12 ("[A] general release of all demands embraces everything included within its terms." (internal quotation marks omitted)); Eck v. Godbout, 444 Mass. 724, 728 (2005) ("[B]road wording in the release operates to settle all other, unrelated matters, even if they were not specifically in the parties' minds at the time the release was executed.").

As stated above, Makarevich does not suggest any conditions exist, such as duress, that would make the Separation Agreement voidable. Here, Makarevich was provided a 21-day period during which she could consider the Agreement, allowing time for meaningful review both by Makarevich, and if she desired, an attorney. Review by an attorney was strongly recommended by CBRE. Further, Makarevich was terminated on May 1 and signed the Separation Agreement the very next day, May 2, opting to forgo the consideration period.

Turning to the Separation Agreement itself, Makarevich did, in fact, waive all claims against CBRE that related to her employment. The Separation Agreement reads:

> Employee does hereby, and for Employee's heirs, legal representatives, agents, successors in interest, and assigns, irrevocably and unconditionally release, acquit, and forever discharge CBRE and all of its Agents ("Released Parties") of and from all claims, actions, causes of action, rights, demands, debts, obligations, damages, or accounts of whatever nature arising through the date hereof (whether or not known on the date hereof) which Employee has against Released Parties by reason of or arising out of Employee's employment with CBRE or any other matters of whatever nature, whether known or unknown ("Released Claims").
> . . .
> [F]or the purpose of implementing a full and complete release and discharge of Released Parties, this Agreement contemplates the extinguishment of, and the term "Released Claims" includes, all claims which Employee does not know or expect to exist in Employee's favor at the time of the execution hereof, which may have arisen through the date hereof (whether or not known on the date hereof), in connection with Employee's employment with CBRE, as well as those injuries, debts, claims, or damages now known or disclosed which may have arisen through the date hereof (whether or not known on the date hereof), from said employment or termination of employment as described above.

[Dkt. 16-1 at 15-16]. A plain reading of the Separation Agreement makes clear that the claims asserted by Makarevich, at least through the date of her termination, are waived.

### C. Failure to State a Claim

CBRE claims the Separation Agreement also waives Makarevich's post-termination claim that she "has not been compensated for the time [she has been] involuntarily occupied" after the termination of her employment because there has not been any post-employment contact between her and CBRE. [Dkt. 1 at 4]. However, the Separation Agreement specifically states "that this Release does not release any rights or claims of Employee against any of the Released Parties that arise after the date this Agreement is signed by Employee." [Dkt. 16-1 at 16]. The Court finds it unnecessary to resolve this conflict because, even if not waived, Makarevich has failed to state a claim upon which relief can be granted.

Makarevich lists six statues/claims in her Complaint: (1) Mass. Gen. Laws. c. 214, § 1B (right to privacy), (2) Mass. Gen. Laws. c. 272, § 99 (wiretapping), (3) Mass. Gen. Laws. c. 265, §§ 50-59 (human trafficking), (4) Mass. Gen. Laws. c. 209A, § 1 (abuse prevention), (5) Mass. Gen. Laws. c. 265, § 43 (stalking), and (6) Mass. Gen. Laws. c. 275, § 2 (proceeding to prevent a crime).  As to Makarevich's claims relating to her right to privacy, wiretapping, human trafficking, and abuse prevention, she has pled insufficient facts to support a claim.  Further, as to abuse prevention, this Court is the incorrect venue, as any claim "shall be filed, heard and determined in the superior court department or the Boston municipal court department or respective divisions of the probate and family or district court departments having venue over the plaintiff's residence." Mass. Gen. Laws. c. 209A, § 2.

Makarevich's final two claims, Mass. Gen. Laws. c. 265, § 43 (stalking) and Mass. Gen. Laws. c. 275, § 2, either are or involve criminal offenses.  As this Court has stated previously, "generally, there is no private right of action for criminal statutes in the absence of clear congressional intent." Mohammed v. Universal Prot. Serv., LLC, No. 24-CV-11066-AK, 2024 WL 3677653, at *1 (D. Mass. Aug. 6, 2024).  No such clear congressional intent exists here.

Thus, as Makarevich has explicitly waived any claim related to actions during the course of her employment and has otherwise failed to state a claim upon which relief can be granted, CBRE's Motion to Dismiss [Dkt. 18] must be **GRANTED**.  In light of the nature of the claims asserted, the Court finds that amendment of the Complaint would be futile. See Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014).

### III. CONCLUSION

For the foregoing reasons, Defendant CBRE's Motion to Dismiss [Dkt. 18] is **GRANTED**.

    **SO ORDERED**.

Dated: January 27, 2026                                  /s/ Angel Kelley
                                                                                    Hon. Angel Kelley
                                                                                    United States District Judge